**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JOHN D. RANDLE JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | **Civil Action No. 4:08-CV-394-Y** |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John D. Randle Jr., TDCJ-ID #1354101, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Navasota, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In January 2005 Randle was charged by indictment with aggravated robbery in Criminal

District Court Number Four of Tarrant County, Texas, Case No. 0953390D. (State Habeas R. at 106) The state's evidence elicited at Randle's jury trial reflected that he robbed a Pizza Hut store at gunpoint on October 21, 2004, in Fort Worth, Texas. On January 4, 2006, the jury found Randle guilty of the offense, Randle pled true to the habitual allegation in the indictment, and the trial court assessed his punishment at fifty years' confinement. (*Id.* at 108) On direct appeal, the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Randle v. Texas*, No. 2-06-061-CR, slip op. (Tex. App.–Fort Worth Sep. 7, 2006) (not designated for publication); *Randle v. Texas*, PDR No. 1714-06. Randle also filed a state application for habeas corpus relief, raising the issues presented, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover) This federal petition for habeas corpus relief followed.

### D. ISSUES

In twelve grounds, Randle complains of ineffective assistance of counsel, abuse of discretion by the trial court, and insufficiency of the evidence.

### E. RULE 5 STATEMENT

Randle has sufficiently exhausted his state remedies with regard to the issues presented as required by 28 U.S.C. § 2254(b)(1).

### F. DISCUSSION

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. Contrary to Randle's assertion, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, typically it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).[1] Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was

---

[1]To the extent Randle complains of the state court's failure to issue a written opinion to his state habeas application, alleged infirmities or defects in a state habeas proceeding are not cognizable on federal habeas review. *See Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd*, 256 F.3d at 320.

applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Dretke*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).  The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.

## *2. Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right.  U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967).  An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*.  466 U.S. at 668.  To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different.  *Id.* at 688.  Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance.  *Id.* at 687, 697.  Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Id.* at 689.

Where a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the

---

[2] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

evidence before the state court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Randle claims trial counsel was ineffective by failing to (1) object to extraneous offense evidence, (2) object to the state's failure to give notice of the extraneous offenses so as to prepare for trial, (3) object to the state's failure to give notice that they intended to seek a deadly weapon finding, (4) investigate and learn of the extraneous offenses, (5) request a list of other suspects, (6) object to the admission of an unreliable identification, (7) object to victim impact evidence, (8) object to a fundamental defect in the jury charge, and (9) object to the search and/or arrest warrant.

Based on the affidavit of trial counsel, the state habeas judge, who also presided over Randle's trial, entered findings of fact refuting Randle's allegations of ineffective assistance and concluded that Randle received effective assistance of counsel. (State Habeas R., vol. 2, at 60-61, 66, 308-19, 311-13, 316-21) Weighing the credibility of the affiant was the role of the state habeas court, and the state court found the affidavit credible. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005). In turn, the Texas Court of Criminal Appeals denied relief based upon the trial court's findings. As previously noted, this constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. *See Singleton*, 178 F.3d at 384. Having independently reviewed Randle's ineffective assistance claims in conjunction with the state court records, the state courts' application of *Strickland*'s attorney-performance standard was neither erroneous nor objectively unreasonable.

Randle claims trial counsel was ineffective by failing to object to extraneous offense

5

evidence during the punishment phase of his trial, to object to lack of notice by the state thereof, and to learn and investigate the extraneous offenses (grounds one, two and four). There is no basis in fact or law for these claims. Counsel averred, and the state habeas court found, that he received proper notice from the state regarding the extraneous offenses they were going to present at trial, which is supported by documentary proof, and that he was aware of and investigated the cases completely. (State Habeas R. at 75, 94) Randle fails to demonstrate what a more thorough investigation would have revealed. Moreover, admission of evidence of extraneous offenses is admissible during the punishment phase of a criminal trial under state law, so long as it is shown beyond a reasonable doubt that the offenses were committed by the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp. 2009). The extraneous offenses were presented during the punishment phase only and the habeas judge acknowledged that he only considers extraneous offenses if they are proven beyond a reasonable doubt. (*Id.* at 95)

Randle claims trial counsel was ineffective by failing to object to the state's failure to notify him that they intended to seek a deadly weapon finding (ground three). The state specifically alleged that Randle used or exhibited a deadly weapon during commission of the offense in count one of the indictment. (State Habeas R. at 106) Under state law, a defendant is entitled to notice that the state will seek an affirmative finding that a deadly weapon was used during the commission of the charged crime. *See Brooks v. Texas,* 847 S.W.2d 247, 248 (Tex. Crim. App. 1993). The state habeas court concluded that an allegation of the use of a deadly weapon in the indictment is sufficient to satisfy the requirement that the defendant received proper notice of the intent to procure a deadly weapon finding. (State Habeas R. at 99) A federal court will not review a state court's interpretation of its own law. *See Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995). Further, as

6

a matter of federal constitutional due process, a criminal defendant is entitled to notice of the charges against him so that he can prepare a trial defense. *See Ables v. Scott,* 73 F.3d 591, 593-04 (5th Cir. 1996) (citing *Cole v. Arkansas,* 333 U.S. 196, 201 (1948)); *McKay v. Collins,* 12 F.3d 66, 69 (5th Cir. 1994). The indictment gave counsel and Randle constitutionally adequate notice of the state's intent to seek a deadly weapon finding. *See Ables*, 73 F.3d at 594. Counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Randle claims trial counsel was ineffective by failing to request a list of other suspects (ground five). Counsel averred in his affidavit, and the state habeas court found, that, although he did not specifically request a list of other suspects, he did file a *Brady* motion, in response to which the state informed him that there was not a list of other suspects available to tender to the defense. (State Habeas R. at 77) Randle presents no evidentiary proof to rebut the presumptive correctness of the state habeas's court's finding. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Randle claims trial counsel was ineffective by failing to object to an unreliable photographic lineup in which he was identified as the suspect in the armed robbery (ground six). According to Randle, the photo array was made up by the detective in the office before the offense occurred and every spread showed him at number two, which was impermissibly suggestive. The state habeas court found that counsel filed a Motion to Suppress Identification and, based on counsel's affidavit, that he objected to a witness who failed to identify Randle and she was not heard by the jury as a result. (Clerk's R. at 19; State Habeas R. at 96) The state court further found that Randle had presented no credible evidence that the detective made the photo spread *before* the robbery occurred

or that the photo identification was unreliable, tainted or otherwise improper. Even if the photo spread was prepared before this particular robbery or prepared at the station before it was brought to the scene, detectives had reason to believe Randle, a suspect in a string of recent robberies at the time, may be involved in the Pizza Hut robbery. (Reporter's R., vol. 4, at 30-31, 87) Nevertheless, a review of the copies of the six photographs from the line-up reflects that all six men had similarly short hair and facial hair and similarly dark complexions. The trial testimony also indicates that the detective conducting the photo line-up provided all six photographs to the witnesses, did not suggest that Randle was the suspect, and did not place Randle's photograph in a conspicuous position within the group. Randle has not established that either the photographic line-up or the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. *See Simmons v. United States,* 390 U.S. 377, 384 (1968); *Livingston v. Johnson,* 107 F.3d 297, 309 (5th Cir. 1997). The state court's determination, that there was no basis for suppression of the photographic lineup in which defendant was identified and that trial counsel did not render ineffective assistance by failing to pursue such suppression, was not unreasonable. *See Williams v. Cain*, 270 Fed. Appx. 320, 321, 2008 WL 724616, at *1 (5th Cir. Mar. 18, 2008).

Randle claims trial counsel was ineffective by failing to object to alleged victim impact evidence (ground seven). The state habeas court concluded that Randle had failed to prove that victim impact evidence had been admitted at his trial. (State Habeas R. at 100) As in state court, Randle wholly fails to direct the court to the complained of evidence or testimony in the record or cite to legal authority in support of his claim. Thus, the claim is inadequately briefed.

Randle claims trial counsel was ineffective by failing to object to the allegedly defective jury charge (ground eight). Randle asserts that the jury charge was fundamentally defective because it

8

did not incorporate an instruction to acquit him if the jury believed that he did not commit the offense. The jury was instructed as follows:

> [I]f you find from the evidence beyond a reasonable doubt that on or about the 21st day of October , 2004, in Tarrant County, Texas, the defendant, JOHN D. RANDLE, did intentionally or knowingly, while in the course of committing theft of property, and with intent to obtain or maintain control of said property, threaten or place Amanda Anthis in fear of imminent bodily injury or death, and the defendant used or exhibited a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of aggravated robbery with a deadly weapon as charged in the indictment.
>
> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the Defendant Not Guilty as charged in the indictment.
>
> All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt....
> (Clerk's R. at 47-48)

The Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt that he committed the crime with which he is charged. *In re Winship,* 397 U.S. 358, 364 (1970). The state habeas court found the jury was properly instructed that they must find that Randle committed the offense beyond a reasonable doubt before they could find him guilty, and thus counsel was not deficient by failing to raise an objection. (State Habeas R. at 97) Randle has failed to demonstrate how the charge in question or the state's findings on the issue implicate a constitutional violation. Because the charge in question was not objectionable, counsel cannot be faulted for failing to object to the charge. Counsel is not required to make frivolous objections. *See Gibson*, 55 F.3d at 179.

Randle claims trial counsel was ineffective by failing to challenge his illegal arrest and search and seizure (ground eleven). Counsel averred in his affidavit that a Motion to Suppress the Arrest Warrant was filed, but, after a discussion with Randle, a decision was made to waive the

9

hearing because suppression of the arrest warrant would be unlikely and further support anticipated incriminating statements by the witnesses. (State Habeas R. at 79) Strategic choices made by counsel after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690. The state habeas court concluded that Randle had not shown counsel's decision not to pursue the motion to suppress was not the result of reasonable trial strategy. (State Habeas R. at 100) The state court's determination of the claim was neither erroneous nor objectively unreasonable. It appears counsel merely recommended the withdrawal of what he reasonably believed was a claim doomed to fail or cause harm to the defense.

Randle claims his counsel on appeal was ineffective by failing to search the record and raise the issues presented herein (ground ten). Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith*, 528 U.S. at 288. It is counsel's duty to choose among potential issues, according to counsel's judgment as to their merits. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). Randle must show that appellate counsel's failure to raise an issue worked to his prejudice, but for which he would have prevailed on his appeal. *Smith*, 528 U.S. at 285. Randle has not satisfied this requirement. He has identified no potentially meritorious points of error that his appellate counsel could or should have raised. Thus, it follows, that counsel was not ineffective for failing to raise the issues on appeal.

*3. Sufficiency of the Evidence*

Randle claims the evidence was insufficient and simply too weak by itself to support a rational finding that he used or exhibited a deadly weapon given the conflicting and/or contradictory testimony by the state's witnesses on the issue (ground nine). In challenges to state convictions under § 2254, the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19

10

(1979), applies. Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.* The evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict. *See United States v. Sanchez,* 961 F.2d 1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses. *United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir. 1992).

Relying on state law and applying the *Jackson* standard, the Second Court of Appeals resolved the claim as follows:

> A robbery may become aggravated if the defendant uses or exhibits a deadly weapon. Here, the indictment alleged that Randle committed aggravated robbery by using or exhibiting a deadly weapon, "to-wit: a firearm," and, therefore, the State was required to prove beyond a reasonable doubt that Randle used or exhibited a firearm.
> The Texas Penal Code's definition of a deadly weapon includes "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." The term "gun" is broader than the term "firearm" and may include nonlethal instruments such as B.B. guns, blow guns, pop guns, or grease guns. Absent any specific indication to the contrary at trial, the jury may reasonably infer from the complainant's testimony that a "gun" was used in the commission of the crime that the gun was a firearm. Additionally, testimony regarding the use of a revolver or a pistol is sufficient to support a finding of use and exhibition of a firearm.
> Here, Anthis testified that the object Randle removed from his waistband and pointed at her was "a gun," "a firearm." She described the weapon as a "white pearl-handled gun" with "gold trim," and she testified that she was "pretty sure it was an automatic [because she] didn't see any revolver or anything like that." Rivera [another Pizza Hut employee] testified that the object Randle used to motion to her and Anthis was "a pistol," "a gun." Finally, the officer who interviewed Anthis at the scene opined that the weapon was a firearm and a deadly weapon based on Anthis's description of the weapon and based on the officer's "experience with weapons" as a police officer. Randle did not introduce any evidence at trial.
> Viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Randle used or exhibited a firearm....

*Randle*, No. 02-06-061-CR, slip copy at 4-7 (citations omitted).  The state court's determination is not contrary to, or an unreasonable application of, the *Jackson* standard.  The record before this court reveals evidence sufficient for a rational trier of fact to find the essential elements of the deadly weapon allegation beyond a reasonable doubt.

### *4. Lesser Included Offense Instruction*

Randle claims the trial court abused its discretion by not giving a requested instruction to the jury on the lesser included offense of robbery by threats (ground twelve).  The failure of a state trial court to give a lesser included offense instruction does not raise a federal constitutional issue.  *Alexander v. McCotter,* 775 F.2d 595, 601 (5th Cir. 1985).

### *5. Evidentiary Hearing*

Randle requests this court hold an evidentiary hearing to further develop the record and resolve the factual issues in his case.  If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's actual innocence.  28 U.S.C. § 2254(e)(2).  Randle does not satisfy the statutory requirements.

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Randle's petition for writ of habeas corpus be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 3, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Garcias v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 3, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 14, 2009.

                                                 /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE